IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FARZAD AZAD, et al., | ) | CIVIL NO. 19-00035 JAO-KJM |
| | ) | |
| Plaintiffs, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | MOTION FOR ORDER OF REMAND |
| | ) | |
| PNC BANK, N.A., A NATIONAL | ) | |
| BANKING ASSOCIATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR ORDER OF REMAND

Before the Court is Defendant PNC Bank N.A.'s ("PNC") Objections to

Magistrate Judge Mansfield's Findings and Recommendations to Deny Remand

[Dkt. 38].[1]  ECF No. 40.  After careful consideration of the Magistrate Judge's

Findings and Recommendation to Grant Motion for Order of Remand ("F&R"),

ECF No. 38, the parties' submissions, and the applicable law, the Court ADOPTS

the F&R for the reasons set forth below.

---

[1]  The title in the caption contains a typographical error, as the Magistrate Judge recommended remand.

The instant action arises out of the allegedly wrongful foreclosures of Plaintiffs Farzad and Kathryn Azad's (collectively "the Azads"), Patricia Helen Leilani Franco's ("Franco"), Robert Kovach's ("Kovach"), and Nina Tanner-Smith ("Tanner-Smith"), individually and as Trustee of the Nina Tanner-Smith Revocable Trust dated May 18, 2001's ("the Trust") (collectively "Plaintiffs") properties.  Plaintiffs commenced this action on December 12, 2018 in the Circuit Court of the Second Circuit, State of Hawaiʻi.  The Complaint asserts the following causes of action:  (1) wrongful deprivation of real property (Count I); (2) unfair and deceptive trade practices and unfair methods of competition under Hawaiʻi Revised Statutes ("HRS") Chapter 480 (Count II); and (3) quiet title and ejectment (Count III).[2]

On January 22, 2019, PNC removed this action on the basis of diversity jurisdiction.  Notice of Removal ("Notice"), ECF No. 1 at ¶ 14.  PNC argues that the citizenships of Defendants Charles and Meri Lynn Fedak (collectively "the Fedaks"); Jesseca Kaufman ("Kaufman"); Cari Todd Keenan ("Keenan"); Bank of Hawaii ("BOH"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Benjamin Kane ("Kane"); First Hawaiian Bank ("FHB"); and John and Laurie

---

[2]  In resolving PNC's Objections to the F&R, only those allegations pertaining to Count III are relevant.

Trobough[3] (collectively "the Troboughs") may be disregarded because they were fraudulently joined.  *Id.* at ¶¶ 16-17.  Following removal, Plaintiffs filed a Motion for Order of Remand ("Remand Motion").  ECF No. 11.

The Magistrate Judge recommended that the Remand Motion be granted. He determined that Plaintiffs did not fraudulently join the non-diverse Defendants because (1) "it is possible that a Hawaii state court would find that Plaintiffs state a case of action against the Non-Diverse Citizens for quiet title and ejectment," F&R, ECF No. 38 at 20; (2) "[w]ithout any discrete and indisputable facts sufficient enough for this Court to conclude that Plaintiffs cannot possibly sustain a theory that innocent purchasers may be ejected from property because a wrongful foreclosure renders any subsequent transfers void, not voidable, . . . remand is proper," *id.* at 23-24;  (3) "[w]ithout making any conclusions about whether, under *Hunter [v. Phillip Morris USA*, 582 F.3d 1039 (9th Cir. 2009)], PNC's arguments definitively require the district court to remand, this Court finds that *Hunter* nonetheless provides persuasive guidance that remand is proper in this case," *id.* at 26; and (4) a state court could possibly conclude that a twenty-year statute of

---

[3]  PNC postulates that Plaintiffs included Defendant Flagstar Bank, FSB ("Flagstar") as the result of a drafting error because Flagstar is referenced in connection with the Shim property, which is not at issue in this action.  Notice, ECF No. 1 at 8 n.3.  For the purpose of this Order, whether or not Plaintiffs intended to name Flagstar is irrelevant, as it does not share citizenship with Plaintiffs.  Compl., ECF No. 1-2 at ¶ 14.

limitations period, rather than the shorter six-year limitations period, applies. *Id.* at 30. The Magistrate Judge declined to recommend an award of attorneys' fees and costs because PNC had an objectively reasonable basis for removing the action based on its fraudulent joinder theory. *Id.* at 31.

On June 20, 2019, PNC filed its Objections to the F&R. ECF No. 40. Plaintiffs filed a Response on July 2, 2019. ECF No. 42.

LEGAL STANDARD

The Court treats a motion to remand as a dispositive motion. *Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008); *Bralich v. Sullivan*, No. CV 17-00203 ACK-RLP, 2017 WL 4883221, at *4 (D. Haw. Oct. 30, 2017). Magistrate judges may prepare findings and recommendations of pretrial matters dispositive of a claim or defense. Fed. R. Civ. P. 72(b)(1). Parties may object to a magistrate judge's findings and recommendation. *Id.*; Local Rule 74.2. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; 28 U.S.C. § 636(b)(1). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*,

561 F.3d 930, 933 (9th Cir. 2009) (alteration in original); *Freeman v. DirecTV,*

*Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## ANALYSIS

PNC objects to the F&R on the following grounds:  (1) the Magistrate Judge

erroneously concluded that the non-diverse Defendants might not be bona fide

purchasers even though Plaintiffs never asserted their title claims prior to this

lawsuit; (2) recent Hawaiʻi Supreme Court cases establish that if Plaintiffs

establish wrongful foreclosure, their remedies are limited to money damages

against PNC once a bona fide purchaser obtains the property; (3) the Magistrate

Judge incorrectly suggested that *Hunter* persuasively supports remand; and (4) the

Magistrate Judge erroneously concluded that Plaintiffs' quiet title/ejectment claims

might be subject to a twenty-year statute of limitations.  Objections, ECF No. 40 at

3-4.[4]

A. Removal Jurisdiction

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a

state court to federal district court if the district court has original jurisdiction.

*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).

---

[4]  The page numbers referenced by the Court are the document's actual page
numbers, not the page numbers found in the CM/ECF header.

"Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter*, 582 F.3d at 1042.

B. Diversity of Citizenship

PNC asserted diversity jurisdiction as the basis for removal. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,

1067 (9th Cir. 2001). Moreover, actions based on diversity jurisdiction may only be removed if none of the properly joined and served defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

Here, complete diversity is lacking because Plaintiffs and certain Defendants share Hawai'i or California citizenship. With respect to Plaintiffs, the Azads and Franco are citizens of Hawai'i, Kovach is a citizen of Texas, and Tanner-Smith, individually and as Trustee of the Trust, is a citizen of California. Notice, ECF No. 1-2 at ¶¶ 3-7; *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees."). PNC is a citizen of Delaware, where it maintains it principal office. Notice, ECF No. 1 at ¶ 14; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006) ("A national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 708 (9th Cir. 2014). Kaufman, Keenan, BOH, FHB, and the Troboughs are citizens of Hawai'i. Notice, ECF No. 1-2 at ¶¶ 11-13, 17-19. Kane and the Fedaks are citizens of California. *Id.* at ¶¶ 9-10, 16. PNC identified MERS as a Delaware

corporation but did not provide its complete citizenship. 28 U.S.C. § 1332(c)(1) (Corporations are deemed to be citizens of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").

C. Fraudulent Joinder

PNC acknowledges that complete diversity is lacking but contends that the non-diverse Defendants' citizenships may be disregarded because Plaintiffs fraudulently joined all Defendants other than PNC. An exception to the requirement for complete diversity exists when a non-diverse defendant was fraudulently joined. *Hunter*, 582 F.3d at 1043. The Ninth Circuit "has explained that under the fraudulent-joinder doctrine, '[j]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quoting *Morris*, 236 F.3d at 1067; *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alterations in original) (internal quotations omitted).

Removing defendants may "present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe*, 811 F.2d at 1339); *Morris*, 236 F.3d at 1068 ("[F]raudulent

8

joiner claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.") (citations omitted). There is, however, a "general presumption against fraudulent joinder," which the party asserting federal jurisdiction must prove by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A defendant claiming fraudulent joinder bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder. *Hunter*, 582 F.3d at 1046.

The fraudulent joinder test is not equivalent to the test used to assess the sufficiency of a claim under Rule 12(b)(6). *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Conflating the two enmeshes a "jurisdictional inquiry with an adjudication on the merits." *Id.* "Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citations omitted). This standard "accords with the presumption against removal jurisdiction, under which we 'strictly construe the removal statute,' and reject federal jurisdiction 'if there is any

doubt as to the right of removal in the first instance.'" *Id.* at 550 (quoting *Gaus*, 980 F.2d at 566).

"If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined." *Id.* That said, even a failure to state a claim under Rule 12(b)(6) does not necessarily mean that a plaintiff fraudulently joined a defendant. *Id.* at 549. In such instances, the district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. And "if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants,'" *id.* at 549 (quoting *Hunter*, 582 F.3d at 1046) (alteration in original) (citation omitted), the district court "must find that a defendant was properly joined and remand the case to state court." *Id.*

1.  Plaintiffs Did Not Fraudulently Join the Non-Diverse Defendants

Plaintiffs assert claims for quiet title and ejectment against the non-diverse Defendants. Considering the applicable legal standards and the strong presumption against removal jurisdiction, the Court agrees with the Magistrate Judge and finds that PNC has failed to establish fraudulent joinder by clear and convincing evidence.

a. Bona Fide Purchaser

PNC argues that Plaintiffs' quiet title and ejectment claims obviously fail under Hawaiʻi law because the non-diverse Defendants are bona fide or innocent purchasers who are protected whether a foreclosure is characterized as "void" or "voidable." Notice, ECF No. 1 at ¶¶ 21-22. PNC contends that the Magistrate Judge erred because (1) judges in this district have determined that Plaintiffs' constructive notice allegations fail to state a claim and (2) he applied the incorrect legal standard and misconstrued PNC's arguments in reaching his recommendation. Objections, ECF No. 40 at 5-6. The Court disagrees because Hawaiʻi law is not as concrete as PNC suggests, and a factual question remains regarding the non-diverse Defendants' status as bona fide purchasers.

"In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the defendant to make any showing." *KaʻUpulehu Land LLC v. Heirs & Assigns of Pahukula*, 136 Hawaiʻi 123, 137, 358 P.3d 692, 706 (2015) (citation and quotations omitted). The plaintiff is not required to "have perfect title to establish a prima facie case, [but] he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants." *Id.* (citation and quotations omitted).

Under Hawaiʻi law, "[w]here it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and

voidable at the election of the mortgagor, who shall then regain title to and possession of the property." *Santiago v. Tanaka*, 137 Hawaiʻi 137, 158, 366 P.3d 612, 633 (2016). When a "property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy." *Mount v. Apao*, 139 Hawaiʻi 167, 180, 384 P.3d 1268, 1281 (2016) (quoting *Santiago*, 137 Hawaiʻi at 158, 366 P.3d at 633).

A bona fide purchaser is "one who, by an honest contract or agreement, purchases property or acquires an interest therein, without knowledge, or means of knowledge sufficient to charge him in law with knowledge, of any infirmity in the title of the seller." *Bank of New York Mellon v. R. Onaga, Inc.*, 140 Hawaiʻi 358, 367 n.13, 400 P.3d 559, 568 n.13 (2017) (quoting *Kaʻu Agribusiness Co. v. Heirs or Assigns of Ahulau*, 105 Hawaiʻi 182, 193, 95 P.3d 613, 624 (2004) (quotations omitted); *Kondaur Capital Corp. v. Matsuyoshi*, 136 Hawaiʻi 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015) (A bona fide purchaser is "one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties."). By contrast, a "non-bona fide purchaser is one who does not pay adequate consideration, 'takes with knowledge that his transferor acquired title by fraud[,] or . . . buys registered land with full notice of the fact that it is in litigation between

the transferor and a third party.'" *Konadur*, 136 Hawai'i at 240 n.27, 361 P.3d at

467 n.27 (quoting *Akagi v. Oshita*, 33 Haw. 343, 347 (1935); *Achiles v. Cajigal*, 39

Haw. 493, 499 (1952)) (alteration in original).

As it has in other related litigation, PNC continues to advance its position

that Plaintiffs' constructive notice theory necessarily fails because multiple judges

in this district have rejected it.  PNC complains that the Magistrate Judge "declined

to apply these holdings to find fraudulent joinder merely because they were

decided under Rule 12(b)(6) rather than more onerous fraudulent joinder

standards."  Objections, ECF No. 40 at 7.  Although PNC concedes that the

Magistrate Judge correctly identified the difference between the federal and

Hawai'i pleading standards, it contends that the Magistrate Judge failed to analyze

or explain the difference.  *Id.*  The Court rejects PNC's characterization of the

F&R.

The Magistrate Judge properly distinguished cases from this district because

those cases applied federal pleading standards.[5]  Highlighting the distinction

---

[5]  *See, e.g.*, *Seegers v. CIT Bank N.A.*, No. CV 17-00399 LEK-KSC, 2018 WL
1558550, at *7-9 (D. Haw. Feb. 28, 2018) (dismissing quiet title claim for failing
to *plausibly* state a claim under *Iqbal* because the plaintiff did not allege that the
current owners were non-bona fide purchasers, *but granting leave to amend*);
*Tilley v. Bank of New York Mellon*, No. CV 17-00524 HG-RLP, 2018 WL
1415171, at *13-14 (D. Haw. Mar. 21, 2018) (granting *judgment on the pleadings*
as to the issue of whether the intervening defendant was a non-bona fide
purchaser); *Lynch v. Bank of New York Mellon*, Civ. No. 17-00195 LEK-RLP,
2017 WL 3568667, at *4-5 (D. Haw. Aug. 15, 2017) ("*Lynch I*") (dismissing quiet

between federal pleading standards and the fraudulent joinder standard, judges in this district, including the undersigned, have concluded that these cases do not preclude Plaintiffs' quiet title and ejectment claims. *See, e.g., Carpenter v. PNC Bank, N.A.*, No. CV 19-00056 LEK-RT, 2019 WL 2218983, at *6 (D. Haw. May 22, 2019) (internal citations omitted) ("This Court previously dismissed a quiet title claim on the ground that the plaintiffs failed to plead plausible factual allegations supporting their position that the individuals who purchased their real property in foreclosure were not BFPs. . . . However, the issue at hand here is whether the Purchaser Defendants and Lienholder Defendants were fraudulently joined, not whether Plaintiffs' quiet title claims against the Purchaser Defendants (and the related claims against the Lienholder Defendants) satisfy the Twombly/Iqbal plausibility pleading standard."); *Penny v. PNC Bank, N.A.*, No. CV 19-00006 JMS-KJM, 2019 WL 2234056, at *5 (D. Haw. May 23, 2019) ("[T]he court is not deciding whether the *Penny* and *Nakatsu* Complaints fail to state claims—that is not the standard. The court is not determining whether either of these particular Complaints sufficiently allege facts that could state plausible quiet title claims against these particular resident Defendants. Rather, the court is

---

title claim because the plaintiffs failed to state a *plausible* claim for relief by merely concluding that the defendants were not bona fide purchasers, but *granting leave to amend*).

only determining whether the non-resident defendants were 'fraudulently joined.' To determine that, the question is whether a quiet title claim is possible or whether a claim must necessarily fail under the settled law of Hawaii."); *Copeland v. PNC Bank, N.A.*, No. CV 19-00029 JAO-WRP, 2019 WL 2713233, at *6 (D. Haw. June 28, 2019) ("To support his findings, the Magistrate Judge relied on cases from this district[] and determined that in order to state a claim for quiet title under Hawaiʻi law, Plaintiffs 'must plausibly allege that the [non-diverse] Defendants are non-bona fide purchasers.' . . . But, the salient inquiry is whether there is a possibility that the state court would find that Plaintiffs articulate quiet title and ejectment claims against any of the non-diverse Defendants.").

Central to these determinations was the recognition that in contrast to the plausibility standard, the fraudulent joinder standard requires the district court to examine whether Plaintiffs fail to state a claim against the non-diverse Defendants and the failure is obvious under settled Hawaiʻi law. Although similar claims have been dismissed under federal pleading standards, amendment of those claims was permitted. *See, e.g., Seegers*, 2018 WL 1558550, at *7-9; *Lynch I*, 2017 WL 3569667, at *4-5. Therefore, even at the pleading stage, under more stringent federal standards, the plaintiffs were not prohibited from asserting the subject claims. In fact, allegations like those asserted here have withstood dismissal. *See, e.g.*, *Lynch v. Bank of New York Mellon*, No. CV 17-00195 LEK-RLP, 2018 WL

3624969, at \*7 (D. Haw. July 30, 2018) ("*Lynch II*") (holding that "[i]t is a close question whether Plaintiffs have stated a plausible basis for their position that their title is superior to the Paynes' title. . . . . at the motion to dismiss stage, when this Court must assume Plaintiffs' factual allegations to be true, Plaintiffs have pled—albeit just barely—sufficient factual allegations to support a plausible quiet title claim against the Paynes. Plaintiffs must be allowed to proceed with discovery to try to obtain evidence to prove, and strengthen, their factual allegations").

The Magistrate Judge ably acknowledged that the relevant inquiry is whether the non-diverse Defendants were fraudulently joined; that is, whether there is a *possibility* that the *state court* would find that Plaintiffs articulate quiet title and ejectment claims against any of the non-diverse Defendants. *Grancare*, 889 F.3d at 549. Applying Hawaiʻi's "notice" pleading standard, *Bank of Am., N.A. v. Reyes-Toledo*, 143 Hawaiʻi 249, 252, 428 P.3d 761, 764 (2018), the Magistrate Judge correctly determined that PNC failed to meet its burden of establishing, by clear and convincing evidence, that Plaintiffs obviously fail to state claims for quiet title and ejectment against the non-diverse Defendants under settled Hawaiʻi law. F&R, ECF No. 38 at 20.

In pertinent part, Plaintiffs allege that: (1) because the non-diverse Defendants are not bona fide purchasers, even if the subject deeds are merely voidable, Plaintiffs may elect to declare the sales and conveyances void, Compl.,

16

ECF No. 1-2 at ¶¶ 89, 104, 123, 142; (2) the non-diverse Defendants had constructive notice that the subject properties were sold without fulfilling conditions for a lawful sale because the violations were apparent or could be reasonably inferred from the Foreclosure Affidavit, *id.* at ¶¶ 86, 101, 120, 139; (3) the subject deeds were void *ab initio* because one cannot convey what it does not have and alternatively, the subject deeds are at least voidable, *id.* at ¶¶ 87, 102, 121, 140; (4) the non-diverse Defendants had constructive notice of the publicly recorded documents in their chain of title, including the recorded Foreclosure Affidavit and the terms of sale in the recorded Notice of Sale, and they knew or should have known that there was a break in the chain of title, *id.* at ¶¶ 90, 105, 124, 143; (5) the recordation of the Affidavit of Sale constituted constructive notice to the non-diverse Defendants of the multiple deficiencies with the foreclosure process and thus, they cannot claim bona fide purchaser status, *id.* at ¶¶ 91, 106, 125, 144; and (6) Plaintiffs are entitled to have their property returned to them because PNC failed to strictly comply with HRS §§ 667-5 *et seq.* and the power of sale in the Mortgage, which caused the non-judicial foreclosure sale and transfer of the property to PNC to be void as a matter of law, or at least voidable, as well as all subsequent transfers to non-bona fide purchasers. *Id.* at ¶¶ 93, 108, 127, 146.

Hawai'i's notice pleading standard—that the plaintiff provide the defendant with fair notice of the claim and the ground upon which it rests—requires far less than the allegations presented by Plaintiffs. Based on the available authority (and lack of governing Hawai'i appellate court decisions), this Court agrees with the Magistrate Judge that these allegations do not obviously fail according to settled Hawai'i law. Moreover, the sufficiency of Plaintiffs' allegations ultimately turns on whether the non-diverse Defendants are bona fide purchasers, which Plaintiffs disclaim in the Complaint.

PNC has not pointed to single Hawai'i appellate decision that squarely rejects Plaintiffs' theory that the recordation of the Notices of Sale and Foreclosure Affidavits provided the non-diverse Defendants with notice that the foreclosures were defective and/or that there were breaks in the chains of title. The viability of Plaintiffs' allegations requires an inquiry into the non-diverse Defendants' bona fide purchaser status, which is an affirmative defense. *Lynch II*, 2018 WL 3624969, at *7 (citing *Iwamoto v. Hironaga*, No. 30302, 2011 WL 3808780, at *4 (Haw. Ct. App. Aug. 30, 2011)). The Ninth Circuit has "declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49; *Hunter*, 582 F.3d at 1045 (citation omitted) (finding that a preemption defense requires an inquiry into

the merits of the plaintiff's claims and therefore "it cannot be said that the plaintiff's failure to state a claim against the resident defendant is 'obvious according to the settled rules of the state'").

PNC challenges the Magistrate Judge's application of a purportedly incorrect standard for analyzing the innocence of current owners. However, the merits of Plaintiffs' claims are not before the Court at this stage and for the reasons stated above, the Court is prohibited from conducting a "searching inquiry" into the merits of Plaintiffs' case in the fraudulent joinder context. PNC insists that Count III's deficiencies are not substantive and do not require a merits inquiry. PNC likens the issue to a statute of limitations defense based solely on the face of the pleading. This assertion is belied by PNC's lengthy analysis about the Magistrate Judge's purported fallacy in assessing the innocence of the current owners.

Even if the Court looked exclusively at the Complaint, Plaintiffs identify the non-diverse Defendants as non-bona fide purchasers. As such, reconciliation of the non-diverse Defendants' status necessitates an inquiry into the merits. Thus, the bona fide purchaser affirmative defense cannot be analogized with a statute of limitations defense, which "is a permissible means by which to establish fraudulent joinder in order to remove an action on diversity grounds. . . . [because it] is a 'rather unique' defense that 'does not truly go to the merits of the plaintiff's claim

in any sense.'" *Hunter*, 582 F.3d at 1045 (citation omitted). The statute of limitations defense is akin to a procedural bar and does not relate to the merits of the case. *Id.* (citation omitted). Insofar as the bona fide purchaser defense implicates the merits of this case, a finding of fraudulent joinder based on this defense is improper.

Where, as here, the Court finds that there is a *possibility* a Hawai'i state court would find that Plaintiffs articulate quiet title and ejectment claims against the non-diverse Defendants,[6] the Court "must find that [the non-diverse Defendants] w[ere] properly joined and remand the case to state court." *Grancare*, 889 F.3d at 549. Accordingly, the Court concludes that PNC has not established fraudulent joinder, much less by clear and convincing evidence. Absent a finding of fraudulent joinder, complete diversity is lacking, and the Court is without subject matter jurisdiction.

b. Whether the Wrongful Foreclosures are Void or Voidable

PNC argues that the Magistrate Judge erroneously found that Hawai'i law is unsettled as to whether a foreclosure may be voided against a bona fide purchaser. Objections, ECF No. 40 at 15. That issue also turns on whether the non-diverse

---

[6] Even if Plaintiffs failed to state a claim under Rule 12(b)(6), the Court would have to consider whether any deficiency could be cured by amendment of the pleadings. *Grancare*, 889 F.3d at 550.

Defendants are bona fide purchasers because PNC argues that bona fide purchasers would be protected even if the foreclosures were void. Notice, ECF No. 1 at ¶ 22. For the reasons explained above, such an inquiry would necessitate consideration of the merits, which precludes a finding of fraudulent joinder.

c. Statute of Limitations

PNC additionally argues that the Magistrate Judge erred in concluding that a twenty-year statute of limitations could apply. In furtherance of its argument that the Troboughs were fraudulently joined, PNC contends that Tanner-Smith's claims against the Troboughs and FHB are time barred under the applicable six-year statute of limitations. Notice, ECF No. 1 at ¶ 18; ECF No. 26 at 6. Although a statute of limitations defense can generally establish fraudulent joinder, *Hunter*, 582 F.3d at 1045, the defense fails under the circumstances of this case. Hawaiʻi law remains unsettled as to which statute of limitations would apply to Plaintiffs' quiet title and ejectment claims. Without governing authority indicating that Tanner-Smith's quiet title and ejectment claims against the Troboughs and FHB are barred by the six-year statute of limitations, there is a *possibility* a Hawaiʻi state court would find that the twenty-year statute of limitations applies. And because the Court also evaluates this question under a notice pleading standard, PNC's fraudulent joinder argument based on a statute of limitations defense fails.

PNC relies on two cases from this district—*Moore v. Kailua Kona Properties, LLC*, No. CV 18-00159 LEK-KSC, 2018 WL 2172489, at *1 (D. Haw. May 10, 2018) and *Lynch II*—for the proposition that quiet title and wrongful foreclosure claims are subject to a six-year statute of limitations.[7]  Notice, ECF No. 1 at ¶ 16.  As already explained above, PNC's reliance on case law from this district is unavailing.  Interpretations and/or predictions by judges within this district, while instructive, do not constitute settled Hawaiʻi law.  Even where the court made predictions based on its interpretation of Hawaiʻi law, it acknowledged

---

[7]  *Moore*, 2018 WL 2172489, at *2 (emphasis added) ("Plaintiff's quiet title claim is *likely* subject to a six-year statute of limitations, pursuant to Haw. Rev. Stat. § 657-1(4).");  *Lynch II*, 2018 WL 3624969, at *6 ("It is not clear what statute of limitations period applies to a quiet title claim arising from an alleged wrongful foreclosure.").  In its Objections, PNC offered additional cases from this district to bolster its position.  Objections, ECF No. 40 at 29.  These cases lend no support for a finding of fraudulent joinder, as they do not represent *settled Hawaiʻi law*, and only two of the cited cases even referenced the twenty-year limitations period. *See, e.g., Niutupuivaha v. Wells Fargo Bank, N.A.*, No. CIV. 13-00172 LEK-KS, 2013 WL 3819600, at *10 (D. Haw. Jul. 22, 2013) (disagreeing with the plaintiffs' claim that HRS § 657-31 applies in *predicting* what statute of limitations period the Hawaiʻi Supreme Court would apply to a wrongful foreclosure claim); *Lowther v. U.S. Bank N.A.*, 971 F. Supp. 2d 989, 1014 (D. Haw. 2013) (concluding that the six-year statute of limitations period set forth in HRS § 657-1(1) applied to the plaintiff's wrongful foreclosure claim instead of the two-year limitations period set forth in HRS § 657-7); *Galima v. Ass'n of Apartment Owners of Palm Court*, No. CV 16-00023 LEK-KSC, 2017 WL 1240181, at *10 (D. Haw. Mar. 30, 2017) (*predicting* that the Hawaiʻi Supreme Court would apply a six-year limitations period to a wrongful foreclosure claim); *In re Ho*, 564 B.R. 49, 53 (Bankr. D. Haw. 2017) ("Because the complaint is timely under the six year statute, I need not consider whether the twenty year statute of Haw. Rev. Stat. § 657–31 applies.").

that the statute of limitations issue remained unsettled under Hawaiʻi law. *See,*

*e.g., Carpenter*, 2019 WL 2218983, at *8 (internal citations omitted) ("This Court,

noting the lack of controlling authority, has predicted the Hawaiʻi Supreme Court

would hold that a six-year limitations period applies to wrongful foreclosure claims

pursuant to Haw. Rev. Stat. § 657-1(1) . . . There is, however, no settled Hawaiʻi

law regarding the statute of limitations for a wrongful foreclosure claim."); *Lynch*

*II*, 2018 WL 3624969, at *6 ("Looking at the nature of Plaintiffs' quiet title claims,

at a minimum, the § 657-1(1) six-year statute of limitations would apply for similar

reasons that statute of limitations applies to Plaintiffs' wrongful foreclosure claim.

However, it is possible that a longer limitations period, such as the § 657-31

twenty-year period, may apply.").

As with the viability of the quiet title and ejectment claims, there is an

absence of *settled* Hawaiʻi law establishing that a six-year, versus a twenty-year,

statute of limitations period applies to Plaintiffs' claims.  Consequently, the Court

agrees with the Magistrate Judge and rejects PNC's argument that the Troboughs

and FHB were fraudulently joined because Tanner-Smith's claims against them are

time-barred.[8]

_____

[8] The F&R references claims against Tanner-Smith.  F&R, ECF No. 38 at
30.  The Court believes this was an inadvertent typographical error.

In sum, the Court finds that PNC has not established fraudulent joinder by clear and convincing evidence. For the reasons articulated in this Order, it is possible that a Hawaiʻi state court would find that Plaintiffs articulate claims for quiet title and ejectment against the non-diverse Defendants. Consequently, the citizenships of the non-diverse Defendant must be considered. Because Plaintiffs and Defendants share Hawaiʻi and California citizenships, diversity jurisdiction is lacking. In the absence of jurisdiction, the Court must remand the action. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

CONCLUSION

In accordance with the foregoing, the Court HEREBY ADOPTS the Findings and Recommendation to Grant Motion for Order of Remand, ECF No. 38, and REMANDS this action to the Circuit Court of the Second Circuit, State of Hawaiʻi.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, July 8, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 19-00035 JAO-KJM; *AZAD V. PNC BANK, N.A.*; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR ORDER OF REMAND

24